IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )    CRIMINAL ACTION NO.
                            )    2:04cr185-T
ROBERT EARL DOWD            )         (WO)
```

ORDER

This criminal case is currently before the court on defendant Robert Earl Dowd's motion for a new trial and motion for leave to file a motion for a new trial.  At the heart of both motions is Dowd's contention that the reassignment of this case from the judge who presided at trial to the undersigned for sentencing entitles Dowd to a new trial.  For the reasons that follow, Dowd's motion for leave to file will be granted and his motion for a new trial will be denied.

I. BACKGROUND

On September 28, 2004, Dowd was indicted on multiple counts arising from the robbery of a post office.  The case

was initially assigned to the undersigned, who made several preliminary rulings.  On January 28, 2005, the undersigned severed Dowd's case from that of a co-defendant.  On March 2, 2005, the undersigned denied Dowd's motion for separate trials on certain counts.  Thereafter, the case was reassigned to a Senior District Judge, who presided at trial.  The jury convicted Dowd on all counts that were presented at trial.

On June 21, 2005, the case was reassigned to the undersigned for sentencing.  At a recorded status conference on June 23, 2005, Dowd objected to the reassignment of the case and made an oral motion to reassign the case back to the Senior District Judge; the undersigned denied Dowd's oral motion.  On July 21, 2005, Dowd filed a motion for a new trial based upon the change of judge and a motion for leave to file said motion outside of time.

## II. MOTION TO FILE OUT OF TIME

Dowd's case was reassigned to the undersigned after the deadline for post-trial motions had passed.  Thus, he could not have sought a new trial on the basis of the reassignment before the deadline passed.  Accordingly, Dowd's motion for leave to file will be granted, so that his motion for new trial may be considered on the merits.

## III. MOTION FOR NEW TRIAL

Federal Rule of Criminal Procedure 25(b), which governs reassignment of cases to a new judge after a verdict, states,

> "(b) After a Verdict or Finding of Guilty.
>
> > (1) In General.  After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot those duties because of absense, death, sickness, or other disability.
> >
> > (2) Granting a New Trial.  The successor judge may grant a new trial if satisfied that:

3

>    (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or
>
>    (B) a new trial is necessary for some other reason."

It is undisputed that "[a] sentencing judge enjoys broad discretion to determine whether he can perform sentencing duties in a case he did not try." <u>United States v. McGuiness</u>, 769 F.2d 695 (11th Cir. 1985).

Dowd first claims that the reassignment is improper under Rule 25(b). Dowd apparently bases this argument on the order denying Dowd's oral motion for reassignment of the case. The order stated the Senior District Judge "has orally informed the undersigned that he does not want the case back." One of the circumstances described in Rule 25(b) is absence. Contrary to Dowd's assertion, the ability of the undersigned to communicate with the Senior District Judge is not evidence that the Senior District Judge is not absent. The Senior District Judge, who is 84 years old, has been away from the courthouse all summer and is, in fact, absent.  (Furthermore, the Senior District Judge has

4

informed the undersigned that, when he returns, he still refuses to take the case back.)

Dowd also contends that the undersigned would abuse his discretion by imposing sentence without the benefit of a new trial because he is unfamiliar with the case.  In <u>United States v. Carraza</u>, the Eleventh Circuit Court of Appeals held that a sentencing judge who did not try the case and had not read the record did not abuse his discretion by imposing sentence because he "was quite familiar with the trial."  843 F.2d 432 (11th Cir. 1988).  The judge in <u>Carraza</u> had "ruled on numerous pretrial motions while the case was pending before him" and had discussed the case with the presiding judge.  <u>Id</u>.

In <u>United States v. McGuiness</u>, the Eleventh Circuit vacated the defendant's sentence because the trial judge was unfamiliar with the case and had done nothing to familiarize himself with the transcript.  769 F.2d at 696.  The court did "not exclude the possibility that in other circumstances a case may be simple enough that the sentencing judge can

5

learn enough about it at the sentencing proceeding to properly impose sentence." Id. at 696.  The court went on to contrast the hypothetical "simple case" with the case before it, which had lasted more than a week and involved more than 40 government witnesses and 50 exhibits, including lengthy tape-recorded conversations.  Id.

Thus, in the Eleventh Circuit, a judge may sentence a defendant whose trial the judge did not observe, if the judge is familiar with the case.  A judge who has read the transcript will generally be familiar enough with the case to be competent to impose sentence.  Moreover, a judge who ruled on pretrial matters may be familiar enough with the case to impose sentence without reviewing the record. Finally, in simple cases, a judge need not read the transcript to be competent to impose sentence.

Dowd's trial lasted two days and involved fewer than 10 government witnesses and limited physical evidence.  It is much simpler than the case in McGuiness.  Moreover, the undersigned has now read the trial transcripts and the

6

transcripts of all later proceedings before the Senior District Judge. The undersigned, therefore, is competent to sentence Dowd.

Dowd finally argues that the Senior District Judge is more competent to sentence him because he was able to judge the demeanor and credibility of witnesses at trial and at the initial sentencing hearings. The Senior District Judge is certainly familiar with this case. However, the appropriate inquiry under Rule 25(b) is not which judge is most competent, but whether the undersigned, who will actually impose sentence, is competent.

### III. CONCLUSION

For the reasons outlined above, it is ORDERED that defendant Robert Earl Dowd's motion for leave to file a motion for a new trial (Doc. No. 189) is granted and his motion for a new trial (Doc. No. 188) is denied.

DONE, this the 1st day of September, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE